RYMER, Circuit Judge,
concurring:
I agree that Gee West violated the WARN Act by failing to give 60 days notice of its closure. 29 U.S.C. § 2102(a). More than 50 employees suffered an “employment loss” during a thirty-day period as a consequence of Gee West’s closing, that is, they did not retire, they did not voluntarily depart, and they weren’t discharged for cause. 29 U.S.C. § 2101(a)(2), (6). There is no serious dispute that these employees could reasonably be expected to experience such a loss were the dealership to close its doors. 29 U.S.C. § 2101(a)(5). Nor is there a question in this case that any affected employee retired or was fired. This leaves as the only issue whether their employment was terminated on account of a “voluntary departure.” The concept is not defined, but we needn’t worry about the parameters in this case[1] given that records Gee West prepared show that the reason its employees left was “business closed.” No written notice of closing was given 60 days before the shutdown occurred. This being so, it doesn’t matter whether the notice that was given, on September 26, 2007, would have sufficed or not. Neither did Gee West offer to continue paying its employees for 60 days. Thus, the bottom line is that Gee West is liable unless it establishes a defense. Accordingly, I concur in the judgment reversing and remanding.

. Including the applicability, if any, of the doctrine of constructive discharge.